UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHARON L. WHITE,

    Plaintiff,                               Case No. 3:19-cv-212

vs.

COMMISSIONER OF SOCIAL SECURITY,     District Judge Thomas M. Rose
                                                    Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT THIS CASE BE: (1) DISMISSED (AND THE ALJ'S DISABILITY FINDING AFFIRMED); AND (2) TERMINATED ON THE COURT'S DOCKET**

This is a Social Security disability benefits appeal. At issue in this appeal is Plaintiff's contention that, although the Administrative Law Judge ("ALJ") found her "disabled" and entitled to Supplemental Security Income ("SSI") benefits as of her alleged amended onset date of May 1, 2017, the ALJ erred in not finding her disabled prior to the alleged amended onset date. Before the Court are *pro se* Plaintiff's Statement of Errors (doc. 19), the Commissioner's memorandum in opposition (doc. 20), Plaintiff's reply (doc. 14), the administrative record (doc. 12),[2] and the record as a whole.

I.

A.    **Previous SSI Application**

Prior to filing the SSI application now at issue, Plaintiff filed for SSI on December 20, 2013 alleging disability as a result of, *inter alia*, degenerative disc disease of the lumbar spine,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

osteoarthritis, and depression. PageID 216. After initial denial of her application, Plaintiff received a hearing before ALJ Anne Sharrad who issued a written decision on December 17, 2015 finding Plaintiff not disabled. PageID 214-29. ALJ Sharrad's decision was ultimately affirmed by this Court. *White v. Berryhill*, No. 3:16-CV-00457, 2018 WL 1516782, at *1 (S.D. Ohio Mar. 28, 2018). Plaintiff's subsequent appeal to the Sixth Circuit was dismissed for lack of prosecution. *White v. Comm'r of Soc. Sec.*, No. 18-3463, 2018 WL 3954337, at *1 (6th Cir. July 12, 2018).

B. **The Subject SSI Application**

On October 27, 2016, Plaintiff, through counsel (PageID 268), filed her second application for SSI -- *i.e.*, the application which is now before the Court in this appeal. PageID 335-40. In her second SSI application, Plaintiff again alleged disability as a result of, *inter alia*, degenerative disc disease. *Id.*

Plaintiff's claim was denied on initial review and again on reconsideration. PageID 253, 265. On May 17, 2017, Plaintiff requested a hearing before an ALJ, and a hearing was set to commence on October 16, 2018. PageID 286, 304. On June 30, 2018, Plaintiff, again with the assistance of counsel, filed a motion to amend the alleged onset date of her disability to May 1, 2017. Doc. 356. In so doing, Plaintiff specifically acknowledged that: (1) she had "discussed amending the alleged onset date with [her] attorney"; (2) "the change in the date may affect [her] benefits"; and (3) that she believed that amending her onset date was "in in [her] own best interest." PageID 356.

On August 21, 2018, without holding a hearing, ALJ Thomas A. Ciccolini issued a fully favorable decision finding Plaintiff disabled as of her amended onset date of May 1, 2017. PageID 159-61; *see also* 20 C.F.R. § 416.1448(a) ("If the evidence in the hearing record supports a finding in favor of you and all the parties on every issue, the administrative law judge may issue a hearing decision based on a preponderance of the evidence without holding an oral hearing").

Despite having received a fully favorable decision, Plaintiff -- this time proceeding *pro se* -- nevertheless sought review of the ALJ's decision by the Appeals Council. PageID 130-54. The Appeals Council dismissed her request as untimely filed. PageID 130-54. Thus, ALJ Ciccolini's disability finding became the final administrative decision of the Commissioner. *Mathews v. Diaz*, 426 U.S. 67, 77 (1976); *Smith v. Berryhill*, __U.S.__, 139 S. Ct. 1765, 1774 (2019). Plaintiff then timely filed this *pro se* appeal from ALJ Ciccolini's decision. *Cook*, 480 F.3d at 435.

**II.**

On appeal, Plaintiff challenges her disability onset date of May 1, 2017, arguing that her disability began in 2013 and that ALJ Ciccolini should have awarded her benefits dating back to 2013. PageID 1017-21. Plaintiff's contentions have no merit for several reasons.

First, ALJ Sharrad found Plaintiff not disabled between December 20, 2013 through December 17, 2015 and, because that decision became final upon the Sixth Circuit's dismissal of Plaintiff's previous appeal, *see White*, 2018 WL 3954337 at *1, application of *res judicata* barred ALJ Ciccolini from reconsidering Plaintiff's disability status between those dates. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842-42 (6th Cir. 1997).

Second, even in the absence of *res judicata*, Plaintiff could not receive benefits dating back to 2013. The disability application before the Court is one seeking SSI. PageID 335-40. As an applicant for SSI -- and not Disability Insurance Benefits -- the earliest Plaintiff could receive SSI would have been November 2016, *i.e.*, the month after the subject SSI application was filed. *See* 20 C.F.R. §§ 416.330, 416.335.

Third, Plaintiff herself and with the assistance of counsel moved to amend her alleged onset date. PageID 356. On appeal Plaintiff presents no argument as to how the ALJ could have possibly erred by granting Plaintiff's own voluntary motion to amend. *Cf. Bryan v. Astrue*, No. 1:12-CV-210, 2013 WL 3466850, at *4-5 (E.D. Tenn. July 10, 2013). Further, Plaintiff does not suggest --

nor does the Court find -- that her counsel was ineffective in this regard. In fact, the record reveals zealous advocacy by counsel on Plaintiff's behalf.

Finally, it appearing that Plaintiff has received all of the relief she requested from the ALJ, she lacks standing to pursue an appeal of a fully favorable decision. *See Buck v. Sec'y of Health & Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("In cases where, as here, the Secretary issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review"; "he or she has no standing to appeal because he or she has received all the relief sought, leaving no case or controversy"). Accordingly, this appeal is subject to dismissal for lack of standing.

### III.

**IT IS THEREFORE RECOMMENDED THAT** this appeal be: (1) **DISMISSED** (and thus, the ALJ's disability finding affirmed); and (2) **TERMINATED** on the Court's docket.

Date:  May 19, 2020                     s/ Michael J. Newman
                                        Michael J. Newman
                                        United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).